**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF THE WEST,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>HARRY H. SHULL, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:09-cv-01690-LDG-PAL<br><br>**ORDER**<br><br>(Mot Quash/Mot Prot Ord - Dkt. #32) |

　　　　Before the court is Defendant Harry H. Shull's and Steven R. Rosenberg's Motion to Quash Order Setting Judgment Debtor Examination and Motion for Protective Order (Dkt. #32).

　　　　In a prior Order (Dkt. #29) entered May 13, 2011, the court granted Plaintiff's motion for a judgment debtor examination in this case. On October 20, 2011, the Plaintiff served notices of taking a judgment debtor exam of Harry H. Shull at the law offices of Holland & Hart, LLP, in Las Vegas, Nevada, on November 10, 2011, and the judgment debtor examination of Steven R. Rosenberg at the law offices of Plaintiff's counsel on November 18, 2011, in Newport Beach, California.

　　　　In the current motion, the moving judgment debtors assert that their prior businesses were located in Las Vegas, Nevada, but the premises was vacated sometime in 2008. Mr. Shull represents that he "has moved, or is in the process of moving, his primary residence to Southern California." Defendant Rosenberg represents that he has moved is primary residence to the State of Utah, but has secondary residences in California and Florida. Both judgment debtors seek to quash the notices of deposition and subpoenas because, pursuant to Nevada Revised Statute 21.2701(b), they may not be required to appear outside the county in which they reside. Although the Defendants were residents of Nevada at the time the original summons was issued in this case, neither is now domiciled in Nevada, or within the 100-mile limit of the court.

Additionally, the order granting Plaintiff's request for a judgment debtor examination contains 27 categories of written documents the judgment debtors are obligated to search for and bring to their deposition. The judgment debtors represent that the records of the 60+ companies in which they had or possibly could still have an interest are placed in storage in Clark County, Nevada, and that it would be "a major enterprise to obtain all the information requested by the order setting judgment debtor examinations." The judgment debtors also object that the written records sought are extensive in that they request documents concerning more than 60 projects in which Defendants engaged from approximately 1999 through 2008. Under these circumstances, the judgment debtors seek an order quashing or modifying the subpoenas pursuant to Rule 45 because the subpoenas fail to allow a reasonable time to comply, and the volume of records "would take a huge, lengthy and financial effort to ascertain and/or determine the information requested,"

The motion did not request emergency or expedited review, and the time for filing a response has not yet run. Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. A temporary protective order is entered precluding the judgment debtor examination of Steven R. Rosenberg from going forward as currently scheduled on November 18, 2011, pending a decision on the merits.

2. A hearing on this matter is set for Thursday, December 1, 2011, at 1:45 p.m., in Courtroom 3B.

Dated this 14th day of November, 2011.

Peggy A. Leen
United States Magistrate Judge